OPINION
This is a consolidated appeal from the Muskingum County Court of Common Pleas.
The Assignments of Error are:
 I THE NOVEMBER 29, 2000 ENTRY BY THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS OF LAW AND RIGHT AGAINST DOUBLE JEOPARDY UNDER THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.
 II THE FINDINGS BY THE TRIAL COURT THAT APPELLANT VIOLATED THE CONDITIONS OF HER COMMUNITY CONTROL VIOLATED DUE PROCESS OF LAW UNDER THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.
 III THE ORDER OF RESTITUTION BY THE TRIAL COURT VIOLATED DUE PROCESS OF LAW UNDER THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.
 IV THE DENIAL BY THE TRIAL COURT OF APPELLANT'S MOTION TO WITHDRAW HER GUILTY PLEA WAS A MANIFEST INJUSTICE BECAUSE HER RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO WAS VIOLATED AT THE TIME OF HER GUILTY PLEA.
On April 23, 1998, appellant was sentenced to three years Community Control, restitution of $218,897.03 and sixty days in jail. Such sentence was the result of a guilty plea to an indictment of theft of property or services in excess of $100,000.00 from her father under a Power of Attorney.
On April 7, 2000, appellant was charged with three violations of the conditions of Community Control imposed at the sentencing.
Appellant's filed motions to withdraw her guilty plea and to reconsider restitution.
At the evidentiary hearing on September 20, 2000, the trial court modified restitution to $30,000.00, reduced monthly payments to $200.00 per month and denied the motion to withdraw the plea by a general statement that "all other motions are denied."
On November 29, 2000, the trial court filed its amended entry stating that appellant had violated her Community Control, included the restitution modifications but excluded language as to the disposition of motions. It also extended Community Control for two years and further ordered fifty hours of Community Service.
 I.
The first Assignment of Error incorrectly asserts due process and double jeopardy violations as to the trial court's amended entry of November 29, 2000.
The essential point, rather than the proposed constitutional arguments is that when the appeal was commenced on October 19, 2000, of the trial court's order of September 20, 2000, the trial court lost jurisdiction and could not enter its order of November 29, 2000, which added to the prior entry the additional finding of a violation of Community Control conditions and imposed the two year extension of such control period along with Community Service.
We therefore, on a different basis, sustain the first Assignment of Error as to the entry of November 29, 2000, and vacate such entry due to lack of jurisdiction.
 II.
The second Assignment of Error, again on constitutional grounds, addresses the finding of violations of Community Control conditions, extension of the term of control and imposition of Community Service.
None of these arguments need be addressed by this court as these findings were contained in the Entry of November 29, 2000, and not in the September 20, 2000, Entry. Since the November Entry is void as stated earlier in this opinion, this Assignment of Error is moot and need not be addressed.
 III.
The third Assignment of Error attempts again to raise constitutional arguments as to the original order of restitution.
An interesting aspect of the original order of restitution is that the trial court may have lacked jurisdiction to order restitution in that the form of R.C. § 2929.18 in effect at the time of the original sentencing encompassed only economic loss due to criminally injurious conduct or conduct defined by R.C. § 2743.51 as conduct posing a substantial threat of personal injury or death.
The legislature recognized this consequence by amending R.C. §2929.18 by S.B. 107. See, Judge Tyack's opinion in State v. Kimmie
(1999), Franklin App. 99AP-435, unreported.
In the case sub judice, the transcript of the original sentencing hearing of April 20, 1998, indicates that the age and physical condition worsened the injury even though no physical injury occurred. (T. at 3) We do not know if the victim's condition worsened as he was without funds to provide the necessities of life, therefore possibly resulting in a threat of personal injury or death.
However, this Assignment of Error is without merit as it attempts to raise matters now which could have been addressed by appeal of the original sentencing order of April 23, 1998.
These matters cannot be made the subject of this appeal.
The State in its brief claims that the trial court abused its discretion by the reduction in the September 20, 2000, entry of the restitution from the original $214,897.00 to $30,000.00 but no cross appeal has been filed. Therefore, this court may not consider such as an aspect of this appeal.
This third Assignment of Error is overruled.
 IV.
The fourth Assignment of Error as to the denial of a motion to withdraw the guilty plea is predicated on a claim of ineffective counsel resulting in manifest injustice. Scott v. Illinois (1979), 440 U.S. 367 (and its progeny).
As stated by appellant a claim of ineffective assistance of counsel requires a two prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993),113 S.Ct. 838, 122 L.Ed. 2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley,supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case.
Also applicable, particularly as this motion was made after sentencing is Crim. R. 32.1:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
Appellant asserts the omitted possible defense that under the power of attorney she could spend her father's money on herself. This court finds such assertion to be lacking in merit.
This general power of attorney established a fiduciary relationship whereupon the attorney in fact acted as agent for her father. She therefore owed the utmost loyalty and honesty to her father as principal, Testa, Exr. v. Roberts (1988), 44 Ohio App.3d 131. The mere fact that the power omitted language prohibiting use of funds for herself is inconsequential as the power grants authority to act for the principal as if he were acting.
This claim of an unasserted defense based upon this untenable proposition does not indicate that a different result would result if the plea were withdrawn. No manifest injustice is indicated by the record.
This fourth Assignment of Error is denied.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed in part and reversed in part. Costs to appellant.
Hon. W. Scott Gwin, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.